UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOEL STEPHEN BENNER,**

    **Plaintiff,**

v.                               **Civil Action 2:21-cv-1620**
                                  **Judge James L. Graham**
                                  **Magistrate Judge Chelsey M. Vascura**

**LOUIS DEJOY, Postmaster General,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Joel Stephen Benner, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Plaintiff's Complaint is difficult to parse, but his claims clearly arise out of his former employment with the United States Postal Service ("USPS"). Plaintiff appears to argue that the oath he took to uphold the United States Constitution as a USPS employee created a contractual obligation for him to report wrongdoing by USPS employees or inefficiencies in the USPS's operations, but that USPS breached the contract by failing to take appropriate responsive actions. (Compl. 1, ECF No. 1-1.) He also contends that the oath of office is unconstitutional. (*Id.* at 3, 10.)

His Complaint further documents numerous incidents during the period of July 2019 through November 2020 in which Plaintiff complained to superiors about working conditions or coworkers and characterizes himself as "blowing the whistle." (*Id.* at 11.) On two occasions, Plaintiff was reprimanded: on June 3, 2020, Plaintiff received a letter of warning for improper conduct involving eating outside the designated break room; and on June 16, 2020, Plaintiff was suspended for seven days for clocking out early. (*Id.*) Ultimately, on an unspecified date, Plaintiff resigned from USPS. (*Id.* at 12.) The Complaint also makes passing reference to "retaliation" as a result of his "blowing the whistle." (*Id.*) Plaintiff seeks $900,000 in punitive damages. (*Id.* at 1.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> * * *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  See also Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

3

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

The undersigned construes Plaintiff's Complaint as seeking to advance claims for breach of contract, retaliation, and violation of unspecified constitutional rights. Plaintiff has not sufficiently alleged a breach of contract claim because he has not identified a contract between himself and USPS. *See V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012) ("Under Ohio law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach."). Plaintiff's retaliation allegations are also insufficient because he has not alleged any causal connection between his activities and any adverse action by USPS. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) ("A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from

continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."). Finally, Plaintiff's passing references to his oath of office being "unconstitutional" do not suffice to put USPS on notice of any constitutional claims against it. "Even a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler*, 482 F. App'x at 977. Accordingly, Plaintiff has failed to state a claim on which relief can be granted.

## IV. DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**. In addition, for the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

5

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE