IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joel Stephen Benner,

    Plaintiff,

  v.                          Case No. 2:21-cv-1620

Louis DeJoy, Postmaster
General,

    Defendant.

OPINION AND ORDER

    This is an action brought by Joel Stephen Benner, a former employee of the United States Postal Service ("USPS"), against Postmaster General Louis DeJoy. Plaintiff alleges that the oath he took to uphold the United States Constitution as a USPS employee created a contractual obligation for him to report wrongdoing by USPS employees or inefficiencies in the USPS's operations, but that the USPS breached this contract by failing to investigate these wrongdoings and deficiencies or to take corrective action. Plaintiff further alleges that due to the additional benefits afforded USPS employees under federal law, the oath of office, which requires the USPS employee to act in the public interest, is unconstitutional. Plaintiff's complaint includes incidents about working conditions or the actions of coworkers which allegedly occurred from July, 2019, to November, 2020, which plaintiff reported to superiors. Plaintiff alleges that on June 3, 2020, he received a letter of warning for improper conduct involving eating outside the designated break room. He also contends that on June 16, 2020, he was suspended for seven days for clocking out early. In his complaint, plaintiff makes a passing reference to "retaliation" as a result of his "blowing the whistle." Doc. 1-1,

p. 12. However, he does not specifically allege that he suffered any adverse retaliatory actions which were the result of his complaints to superiors. Plaintiff later resigned from his employment with the USPS. Plaintiff now seeks $900,000 in punitive damages.

On April 16, 2021, the magistrate judge filed a report and recommendation. The magistrate judge conducted an initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge found that plaintiff's complaint failed to allege a breach of contract claim because he did not sufficiently identify a contract between himself and the USPS. Doc. 3, p. 4. The magistrate judge further noted that plaintiff's retaliation allegations were insufficient because he failed to allege any causal connection between his activities and any adverse action by the USPS. Doc. 3, p. 4 (citing Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999)). The magistrate judge also concluded that plaintiff's passing references to his oath of office being "unconstitutional" did not suffice to put the USPS on notice of any constitutional claims against it. Doc. 3, p. 5. The magistrate judge recommended that plaintiff's claims be dismissed for failure to state a claim on which relief can be granted.

I. Standard of Review

This matter is before the court for consideration of plaintiff's objections (Doc. 5) to the magistrate judge's report

2

and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Title 28 U.S.C. §1915(e) requires the sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

## II. Plaintiff's Objections

The magistrate judge concluded that plaintiff failed to allege the existence of the contract, and that he also failed to allege a violation of his constitutional rights. In his objections, plaintiff contends that the Constitution is a contract, and that the oath of affirmation taken by federal employees to uphold the Constitution is an agreement to defend the interest of the people. He goes on to cite 39 U.S.C. §1005(a)(1)(A), which provides that the provisions of Title 5, Chapter 75 of the United States Code governing federal employees shall apply to officers and employees of the Postal Service except insofar as those provisions are inconsistent with the provisions of any collective bargaining agreement between the USPS and its employees. Plaintiff then essentially argues that the oath of affirmation taken by a postal employee to defend the public interest is unconstitutional because that oath conflicts with federal law which recognizes the individual personal rights of USPS employees under a collective bargaining agreement.

Even assuming that the oath of affirmation to protect and defend the Constitution of the United States is an agreement or contract, the mere fact that the terms and conditions of employment with the USPS may also be determined by a collective bargaining agreement would not result in a conflict between that collective bargaining agreement and the Constitution, nor would it render either the oath or those terms and conditions of employment unconstitutional. The court agrees with the magistrate judge that plaintiff's allegations fail to satisfy the elements of a breach of contract claim or to allege a constitutional violation.

4

Plaintiff's second objection addresses the alleged failure of USPS officials to investigate his complaints of misconduct or illegal acts by USPS employees. Plaintiff quotes from Executive Order 12674, Principles of Ethical Conduct for Governmental Officers and Employees. Plaintiff also cites 39 C.F.R. §233.1(b), which provides that the "Office of Inspector General will investigate all allegations of violations of postal laws or misconduct by postal employees, including mail theft" and "will investigate all allegations of violations of postal laws or misconduct by all other persons." 39 C.F.R. §233.1(b)(1)(ii) and (ii). Plaintiff argues that the failure of his supervisors and the Office of the Inspector General to investigate his reports of violations of postal laws was a violation of the executive order and §233.1(b)(1)(ii). He further alleges that these officials thereby breached their oath or constitutional contract to serve the public interest, thus rendering ineffective and unconstitutional his own obligation under that same oath to report these violations.

Under 39 C.F.R. §233.1, postal inspectors are authorized to perform certain functions, including investigative functions. However, it is well established that an agency's failure to institute investigative or enforcement proceedings is immune from judicial review. Heckler v. Chaney, 470 U.S. 821, 837-38 (1985); see also Francis v. F.B.I., 404 F. App'x 233, 234 (9th Cir. 2010)(holding that action against FBI to compel investigation into police department's refusal to conduct a homicide investigation was properly dismissed because the FBI's decision not to investigate is immune from judicial review). Further, there is no provision in §233.1 which authorizes an individual to bring a claim for punitive

5

damages based on the failure of USPS officials to investigate alleged misconduct or violations of postal laws.  The court agrees with the finding of the magistrate judge that plaintiff's allegations concerning the failure of his superiors or USPS officials to investigate his complaints fail to state a claim for relief.

Under Fed. R. App. P. 24(a)(3)(A), a party who was permitted to proceed in forma pauperis in the district court may proceed on appeal in forma pauperis unless the district court certifies that the appeal is not taken in good faith.  The question raised by that standard is whether there is a colorable argument to be made for reversal on appeal.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  For the reasons stated in the report and recommendation, the court declines to issue a certificate of appealability, and also certifies pursuant to Rule 24(a)(3)(A) that an appeal would not be in good faith and that any application to proceed in forma pauperis on appeal would be denied.

III. Conclusion

In accordance with the foregoing, the court adopts the report and recommendation (Doc. 3).  Plaintiff's claims are dismissed pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim for which relief may be granted.  The clerk shall enter judgment dismissing this action.

Date: May 6, 2021　　　　　　　　　　　s/James L. Graham
　　　　　　　　　　　　　　　　　　　James L. Graham
　　　　　　　　　　　　　　　　　　　United States District Judge